Curia, per Dunkin, Ch.
The first ground of appeal arises out of the refusal to admit testimony impeaching the general character of the witness, John Matheney.
In tracing the complainant’s title under the sheriff, it became necessary for him to prove the mortgage from George R. Odum to Allen M. Odum, purporting to have been executed and delivered on the 9th March, 1842. Matheney was the subscribing witness. The complainant’s solicitor stated to the court, that the character of the witness was such as not to entitle him to *293 credit, and proposed to prove the deed by other testimony. This was objected to by the defendant’s solicitor, on the ground that the subscribing witness was in court, and was the highest evidence. The objection was sustained by the court. Matheney was then put-on the stand for the complainant, and testified that the mortgage was executed and delivered at a subsequent period from the date thereof. The complainant thereupon tendered testimony to impeach his general character. The court ruled the testimony to be inadmissible, on the ground that a party should not be permitted to repudiate his own witness.
Although the determination of the case does not depend on the question thus submitted, it is deemed proper to express some of the views entertained by a majority of the court on this subject. There is no doubt about the general rule, or the propriety of it. But when a witness to a paper is called on to prove it, and his") testimony tends to invalidate the instrument, such testimony is ] necessarily received with anxious jealousy. In Howard vs. Brathwaite, 1 Ves. & Bea. 208, Lord Eldon reports Lord Mansfield to have “often said, that he would hear such witnesses, but would give no credit to them; and that Lord Kenyon followed him in that.” Lord Eldon thought that “ if they were heard, their credit should be duly examined ; but their testimony is to be received,” says he, “ with all the jealousy, necessarily, for the safety of mankind, attaching to a man who, upon his oath, asserts that to be false, which he has, by his solemn act, attested as true.” This language was used in reference to the testimony of a subscribing witness to a will, who impeached the sanity of the testator, about which he should have been well assured, before he attested the act. Certainly, such testimony might,., or might not, be less open to animadversion when it relates to the date of the instrument.
But as a general rule, the subscribing witness must be prQÍ r duced. The inquiry is then presented, whether the party thus compelled to produce the subscribing witness, can, in no case, impeach his credit by proof of his general character. It is a familiar maxim, that where the reason ceases, the rule is inapplicable. No man should be permitted to attack a witness<whoml he has himself adduced to sustain his cause. But in a case \ like that under consideration, he may well be regarded as a wit- J ness of the law, rather than of,the .party. The complainant' was no party to the original mortgage, whose authenticity it be *294 came necessary to establish. In 2 Ev. Poth. 266, a doubt is expressed whether the general rule, thus restricting the party who calls a witness, should extend to what ^re called instrumental witnesses ; and the doubt is repeatedJjy Professor Green-leaf in his treatise on Evidence, § 443. In Gresley’s Eq. Ev. 119, it is said that, even in collateral issues, the subscribing witness to a deed must be produced, if he can be produced, and is capable of being examined. He cites the language of Lord Ellenborough in Rex vs. Harringworth, 4 M. & S. 350. “The Iparty who would prove'the execution of any instrument, that is attested, must lay the ground work by calling the subscribing witness to prove it.” “ His testimony, indeed,” he continues “ is not conclusive, for he may be of such a description as to be un^deserving of credit, and then the party may go onto prove him ' such, and may call other witnesses to prove the execution.” “ The only question is,” says he, “ whether the parties, who seek to prove the execution of this indenture, must not make their way, to what may be called secondary proof, through the medium of those witnesses who^are the plighted witnesses to the transaction, by first disposing of their testimony.” This, it appears to the court, is the true distinction, and that the complainant should, under the circumstances, have been permitted, in thef language of Lord Ellenborough, “ to shew that the subscribing witness was undeserving of credit.” But we regard the other testimony in the cause, independent of Matheney’s, as entirely satisfactory to prove that the mortgage was ante-daXed, and would not, therefore, on that ground, disturb the decree of the Chancellor.
But the Chancellor, understanding that the complainant’s case was rested entirely on the solution of this question, examined no further, but dismissed the bill. It is insisted in this court, that even conceding the ante-dating of the mortgage from George to Allen Odum, the complainant had other equities on which he was entitled to be heard, and which, it is admitted, were not considered by the Chancellor. The cause will be sent back for that purpose.
Some irregularity seems to prevail in regard to granting injunctions on interpleading suits, which it is thought a fit occasion to notice and correct. The complainant, in a bill of inter-pleader, should not only offer, by his bill, to pay the fund into court, but he should take care to have an order passed to that *295 effect, if he desires to protect himself from the liability for interest on the fund while it is in his possession. The rule is very explicit and well settled, that on a bill of interpleader, the plaintiff “ must bring the money into court, before he takes any step in the cause 1 Smith Ch. Pr. 476. And in Pauli vs. Von Melle, 8 Simons, 327, an order for an injunction in an inter-pleading suit- was declared to be irregular, “ if it did not make the issuing of the injunction dependent on the payment of the money into court.”
From the proceedings before us, it does not appear that any order has been heretofore passed for the payment into court of the funds in the hands of the complainant in the bill of inter-pleader, and provision to that effect will be now made.
It is ordered and decreed, that the injunction heretofore granted, be continued until the hearing on the merits, or the further order of the court.
It is further ordered, that the complainant in the bill of in-terpleader, pay into the court the money in his hands, accprding to the prayer of his bill, and that the commissioner report to the court, or one of the Chancellors, a proper mode of investing the same, pending the litigation.
Johnson and Johnston, CC. concurred.